**SO ORDERED.**

**SIGNED this 05th day of August, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| HOLLY A. ZEMAN | 09-52559-C |
| *DEBTOR* | CHAPTER 13 |
| HOLLY A. ZEMAN | |
| *PLAINTIFF* | |
| V. | ADV. NO. 09-5081-C |
| THOMAS BLAKE HUMPHREYS, JR. & DEREK SCOTT HUMPHREYS | |
| *DEFENDANTS* | |

### DECISION AND ORDER DENYING MOTION OF THOMAS BLAKE HUMPHREYS FOR SUMMARY JUDGMENT

CAME ON for consideration the motion of defendant Thomas Blake Humphreys, Jr. for summary judgment, and the response thereto by plaintiff. In the motion, defendant alleges that the claim of plaintiff has been released by virtue of a settlement agreement. The defendant attaches a

copy of the settlement agreement as an exhibit to the motion, along with an affidavit from the movant. The plaintiff, in response, claims that the settlement agreement was obtained during the pendency of a bankruptcy case and so cannot be enforceable because the debtor never had the authority to compromise and settle a claim belonging to her bankruptcy estate – no motion was filed and no court order approving any compromise was ever entered. Alternatively, the plaintiff says that the release was obtained fraudulently by way of misrepresentations by the defendant. No exhibits or controverting affidavits accompany the response to the motion for summary judgment.

When a defendant moves for summary judgment on an affirmative defense such as release, the defendant must show that all the elements for the affirmative defense are established, and that as a matter of law, the affirmative defense completely defeats the plaintiff's cause of action. *See* FED.R.CIV.P. 56(c); *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *Fontenot v. Upjohn Co.* 780 F.2d 1190, 1194 (5th Cir. 1986). The movant bears the burden of demonstrating that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets this burden, then the respondent must produce probative evidence demonstrating the existence of an issue of triable fact on at least one element of the affirmative defense. *See Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1371 (5th Cir. 1994).

A release is an agreement by one party to surrender its cause of action against the other party. *Dresser Industries, Inc. v. Page Petroleum, Inc.*, 953 S.W.2d 505, 508 (Tex. 1993). The question whether a release is enforceable is a question of law. *Ranger Ins. Co. v. Ward*, 107 S.W.3d 820, 824 (Tex.App.– Texarkana 2003, pet. den.). An avoidance defense such as fraud or mistake must be affirmatively pled (and proven). *See Nationwide Mut. Ins. Co. v. Toman*, 660 S.W.2d 574, 576 (Tex.App. – San Antonio 1983, no writ). The release in question in this case is a standard form of release, and is unambiguous. It is presumed to have been given for fair consideration, the contract

itself reciting consideration in support of its various provisions. Plaintiff maintains in her response that there was, in fact, no fair consideration given. However, to raise that issue, plaintiff needed to offer summary judgment evidence to that effect. There is no summary judgment evidence offered in the response. Nor, for that matter, is there any evidence proffered in support of other allegations made in the response, such as fraud in the procurement of the release.

Of special concern to the court was plaintiff's suggestion that the release was invalid as a matter of law because it was executed while the debtor was in bankruptcy. A review of the docket from the previous case shows that the debtor's previous case, Bankr. Case No. 08-52896, was not dismissed by order of the court until April 20, 2009 (a date of which this court can take judicial notice, as it is reflected in the court's official docketing records). It thus appears that the debtor, by this agreement, compromised an asset of the estate without court approval (and prior to confirmation of a plan). The cause of action against the Humphreys is clearly property of the estate under section 541(a)(1). *See Suter v. Goedert*, 396 B.R. 535, 549 (D.Nev. 2008); *Goodwin v. Mickey Thompson Entm't Group (In re Mickey Thompson)*, 292 B.R. 415, 421 (9th Cir. BAP 2003). And the chapter 13 debtor is accorded the exclusive powers to use, sell or lease property of the estate under section 363(b). *Id.; see also* 11 U.S.C. § 1303. The compromise of a cause of action is akin to the sale of that asset under section 363(b). *In re Ramsey*, 356 B.R. 217, 226 (Bankr. D.Kan. 2006). If a debtor, acting with the powers of a trustee, disposes of property out of the ordinary course of business without prior court approval, then the transaction may be unwound as invalid. *See In re Lavigne*, 183 B.R. 65, 69 (Bankr. S.D.N.Y. 1995), *aff'd* 114 F.3d 379 (2nd Cir. 1997). The debtor's purported agreement to accept a one-time cash payment of $10,000 on a long-term obligation well in excess of that amount is clearly an out of the ordinary course of business transaction that cannot be enforced because it was done without prior court approval and without notice to creditors of the estate.

Nor does it matter that the bankruptcy case in which the purported transaction took place has since been dismissed. What matters is that the debtor's actions at the time they were taken were not authorized. The debtor was not a free actor for so long as she was in her prior bankruptcy case. She was constrained by the same rules as apply to trustees and debtors in possession in other chapters. Actions taken that exceed that authority are not binding. She literally lacked the authority to enter into the settlement agreement, and similarly lacked the authority to release the Humphreys, when she signed the agreement. For the agreement to have been enforceable, there needed to have been a motion presented to the court, with opportunity for hearing given to creditors and parties in interest, and there needed to be a court order authorizing the debtor to take the action proposed. *See* 11 U.S.C. § 363(b).

For the reasons stated, the motion for summary judgment must be and is hereby DENIED.

# # #